**In re R.L. LARSON, also known as Raymond Larson, Debtor.**

**R.L. LARSON, also known as Raymond Larson, Appellant,**

v.

**NORWEST BANK FARGO, N.A., Appellee.**

**No. 92–2551.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1992.

Decided Nov. 5, 1992.

Kurt Anderson, Bloomington, Minn., argued (Kurt Anderson, Bloomington, Minn., and Craig Richie, Fargo, N.D., on the brief), for appellant.

Lauris N. Molbert, Fargo, N.D., argued (Lauris N. Molbert and Michael M. Thomas, on the brief), for appellee.

1. The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

2. The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.

3. On September 11, 1992, we conditionally granted Larson's motion for relief pending appeal. In light of our holding today, that order is now vacated.

4. Section 35–03–17 provided:

A filed collateral real estate mortgage which states a maturity date of the instrument secured thereby of five years or less is effective

Before JOHN R. GIBSON, FAGG and WOLLMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Raymond Larson, the debtor in this bankruptcy proceeding, appeals from the district court order granting summary judgment in favor of his creditor, Norwest Bank Fargo, in Larson's adversary proceeding. In his complaint Larson claimed that Norwest's lien on his property had lapsed because Norwest's filing of an addendum to preserve the lien was a violation of the automatic bankruptcy stay, 11 U.S.C. § 362(a)(4) (1988), and therefore ineffective. The Bankruptcy Court[1] held that Norwest's filing of the addendum amounted to an act to "extend, continue or renew" an otherwise valid lien and therefore did not violate the automatic stay. It granted summary judgment for Norwest. *Larson v. Norwest Bank Fargo*, No. 92–7029, 1992 WL 360568 (Bankr.D.N.D. July 2, 1992). The district court[2] affirmed the bankruptcy court's decision. *Larson v. Norwest Bank Fargo*, No. A3–92–114, 1992 WL 371906 (D.N.D. July 9, 1992). On appeal Larson reiterates the argument he made below. We affirm the judgment of the district court.[3]

Norwest had a "collateral real estate mortgage" on Larson's home, which is a type of mortgage created by North Dakota statute, N.D.Cent. Code § 35–03–17 (1987) (amended 1991),[4] to secure revolving lines of credit. Under section 35–03–17, the collateral real estate mortgage expires sixty days after the maturity of the instrument it secures (if that instrument matures in five

until such maturity date and thereafter for a period of sixty days.... The effectiveness of a filed collateral real estate mortgage lapses upon the expiration of the sixty-day period unless an addendum to the collateral real estate mortgage extending its effective date is filed prior to the lapse.... An addendum continuing the effectiveness of the lien of the collateral real estate mortgage may be filed by the mortgagee:
    1. Within six months before and sixty days after a stated maturity date of five years or less....
The section was amended in 1991 to provide that liens which are effective upon filing of insolvency proceedings against the debtor will remain effective until sixty days after termination of the insolvency proceeding.

years or less). However, the lien can be continued if the mortgagee files an addendum with the Register of Deeds within a time period beginning six months before and ending sixty days after the stated maturity date.

The note Norwest's mortgage secured became due on November 1, 1990. On October 16, 1990, Larson filed a chapter 11 reorganization bankruptcy. On December 26, 1990, while the bankruptcy was pending and without obtaining relief from the automatic stay, Norwest filed an addendum with the Register of Deeds to continue its lien.

On August 21, 1991, Norwest obtained relief from the bankruptcy stay to foreclose on its mortgage. However, Larson filed an adversary proceeding claiming that Norwest's lien had expired because the filing of the addendum violated the bankruptcy stay, specifically 11 U.S.C. § 362(a)(4), and was therefore ineffective. The essence of Larson's argument is that the filing of the addendum was an act to create, perfect, or enforce the lien, and this violates the statute. Norwest responded that it had only acted to continue an existing lien, not to expand it or create a new lien, and that its act did not violate the stay. The bankruptcy court entered summary judgment for Norwest, and the district court affirmed.

As North Dakota law required Norwest to file the addendum to preserve its existing mortgage, we have no hesitation in stating that the courts below were correct—Norwest's filing did not violate section 362(a)(4) [5] and was indeed effective to continue its lien. The Second Circuit in *Morton v. National Bank*, 866 F.2d 561 (2d Cir.1989), stated that section 362(a)(4) "does not explicitly prohibit acts to *extend, continue,* or *renew* otherwise valid statutory liens, nor is there any indication from the legislative history that congress intended such a result." *Id.* at 564. Filing an addendum under section 35–03–17 does not create new rights but "simply allows the

holder of a valid lien to maintain the status quo—a policy not adverse to bankruptcy law, but rather in complete harmony with it." *Morton*, 866 F.2d at 564; *accord United States v. Sayres*, 43 B.R. 437, 439 (W.D.N.Y.1984); *In re Stuber*, 142 B.R. 435, 438 (Bankr.D.Kan.1992). Therefore, Norwest did not violate the automatic stay.

We affirm the judgment of the district court.

---

**5.** 11 U.S.C. § 362(a)(4) provides: [A] petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of

"[A]ny act to create, perfect, or enforce any lien against property of the estate."