In re Basil N. SPIRTOS, Debtor.

Thelma V. Spirtos, Appellant,

v.

Irene Moreno, Appellee.

No. 98–55101.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1999

Filed Aug. 4, 2000

---

Michelle Spirtos argued the cause for Appellant. On the briefs were Jon J. Eardley, Santa Monica, CA, and John B. Spirtos, Kirkpatrick & Lockhart, Washington, D.C.

Ronald A. Cher, Los Angeles, CA, argued the cause for Appellee. With him on the brief was Joseph L. Shalant.

Before: JAMES R. BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

KOZINSKI, Circuit Judge.

In 1983, Irene Moreno won a medical malpractice judgment against Dr. Basil Spirtos. *See Moreno v. Beverly Hosp.*, No. C242972 (L.A.Super.Ct. Apr. 18, 1983). Four years later, Basil declared bankruptcy. Moreno filed three proofs of claim based on the judgment in Basil's bankruptcy estate. Basil was granted a discharge in April 1996, one month before his death.

Following the discharge, the trustee of Basil's estate filed an objection to Moreno's claims on the ground that they were duplicative. The bankruptcy court agreed and allowed only one claim, for the judgment amount plus interest, less the payments Basil's estate had already made. Thelma Spirtos, Basil's ex-wife, then objected to Moreno's claim as party in inter-

est.[1] She argued that the judgment was void under the California statute of duration, which provides that a judgment becomes unenforceable after ten years. *See* Cal. Civ. Pro.Code § 683.020. The ten-year period expired in 1993, after Basil had filed for bankruptcy but before the claim was allowed. Because Moreno failed to renew the judgment under Cal. Civ. Pro. Code § 683.110, Thelma argued, her claim must be disallowed. *See* 11 U.S.C. § 502(b)(1) (court shall not allow claims that are "unenforceable against the debtor and property of the debtor, under ... applicable law").

The bankruptcy court overruled Thelma's objection and the district court affirmed, finding that the automatic stay of 11 U.S.C. § 362(a) precluded Moreno from renewing the judgment. Moreover, the district court held that 11 U.S.C. § 108(c) extended the ten-year statute of duration while Basil remained in bankruptcy, and that Moreno was enjoined by 11 U.S.C. § 524 from filing for renewal once Basil was discharged. Thelma appeals.

■ We confine our analysis to section 108(c), which provides:

[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ..., then such period does not expire until ... 30 days after notice of the termination or expiration of the stay under section 362. ...

On its face, section 108(c) appears to cover our situation. The California statute of duration is a nonbankruptcy law that applies to the Moreno judgment. The statute fixes a ten-year period during which Moreno had to keep the judgment from expiring by filing for renewal. Under section 108(c), then, the limitations period

---

1. In addition to being a creditor in Basil's estate, Thelma is involved in bankruptcy proceedings of her own. She assumed half of the Moreno debt pursuant to her Marriage Settlement Agreement with Basil, and also objects to Moreno's claim in her own estate. We reject this contention in a memorandum disposition filed concurrently herewith. *See In re Thelma V. Spirtos*, No. 98–55106.

does not expire until 30 days after the end of the automatic stay.

■ Pursuant to 11 U.S.C. § 362(c)(1), the automatic stay remains in force with respect to property of the estate "until such property is no longer property of the estate." So long as there are assets in the estate, then, the stay remains in effect, preventing Moreno from collecting her judgment by attaching those assets. *See* 3 Collier on Bankruptcy § 362.06(1) (15th ed.) ("In the case of an act against property of the estate, the stay continues until the property is no longer property of the estate."). Thus, the period of duration under Cal. Civ. Pro.Code § 683.020 will not expire until 30 days after all the assets in Basil's estate have been finally distributed, an event that has not yet occurred.

The Second Circuit reached the same conclusion in *In re Morton*, 866 F.2d 561 (2d Cir.1989). *Morton* concerned the validity of a bank's judgment lien against a debtor's property. Like the Moreno judgment, the lien had a ten-year life under state law. The limitations period expired while the debtor was in bankruptcy, and the debtor argued that the lien became unenforceable because the bank had failed to renew it. The bank countered that section 108(c) preserved the lien beyond the ten-year period. Relying on the "specific language of the statute," the court held that the bank had 30 days after termination of the stay to renew its lien. *Id.* at 566; *accord Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 297 (5th Cir.1995) (if no federal or state law suspends the statute of duration, "a party must file suit within the thirty-day grace period after the end of the stay"); *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir.1993) (section 108(c) "calls for applicable time deadlines to be extended for 30 days after notice of the termination of a bankruptcy stay, if any such deadline would have fallen on an earlier date").

*In re Hunters Run Ltd. Partnership*, 875 F.2d 1425 (9th Cir.1989), is entirely consistent. In *Hunters Run*, a creditor recorded a mechanic's lien against a debtor's property. The property was transferred to Hunters Run, which declared bankruptcy. Because the creditor failed to enforce its lien within eight months, as required by state law, Hunters Run argued the lien was void. We rejected this argument, holding that section 108(c) extended the period during which the creditor could enforce its lien. *See id.* at 1428. In so doing, we found that the "[a]pplicability of section 108(c) in this case hinges on the applicability of ... the automatic stay provisions of 11 U.S.C. § 362." *Id.* at 1427. Thelma relies on this language to argue that Moreno may not avail herself of section 108(c) unless Moreno was barred by the section 362 stay from renewing her judgment—which Thelma argues Moreno was not. *See Checkers Drive–In Restaurants, Inc. v. Commissioner*, 51 F.3d 1078, 1083–84 (D.C.Cir.1995); *In re Larson*, 979 F.2d 625, 627 (8th Cir.1992).

Thelma reads too much into *Hunters Run.* The case stands for the proposition that section 108(c) extends the limitations period so long as the creditor is barred by the automatic stay from enforcing its judgment against the property of the estate. In *Hunters Run*, the creditor was barred from enforcing a lien against a specific asset of the estate. Here, Moreno is barred by the automatic stay from collecting on a judgment by attaching the debtor's assets which have become property of the estate. It is the creditor's inability to enforce the judgment for a portion of the ten-year period that keeps the period of duration open under section 108(c). Whether the automatic stay also precluded the creditor from renewing the judgment—an issue we need not decide—is beside the point. *Morton* reached the same conclusion, even though it held that section 362 did not bar the creditor from renewing its judgment. *See Morton*, 866 F.2d at 564–65; *accord Rogers*, 42 F.3d at 297 (analyzing section 108(c) without regard to whether section 362 stay barred action against debtor).

The period during which Moreno may renew her judgment does not expire until

30 days after notice of the termination or expiration of the stay in Basil's estate. Thelma's contention that allowance of Moreno's claim violates the Fifth, Tenth and Eleventh Amendments is without merit.

**AFFIRMED.**