2014 OK CIV APP 85

**EL RENO HOUSING ASSOCIATES LIMITED PARTNERSHIP, Plaintiff/Appellee,**

v.

**E. Allen COWEN, II, Defendant/Appellant.**

**No. 112209.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 12, 2014.

Certiorari Denied Sept. 29, 2014.

---

Mark S. Grossman, William H. Hoch, III, Melanie Wilson Rughani, Crowe & Dunlevy, Oklahoma City, OK, for Plaintiff/Appellee.

Jack S. Dawson, Amy L. Alden, Miller Dollarhide, P.C., Oklahoma City, OK, for Defendant/Appellant.

1. Judgment Creditor's motion to remove this case from the accelerated docket, filed November 12, 2013, is denied.

2. That statute now reads:
A. A judgment shall become unenforceable and of no effect if, within five (5) years after the date of filing of any judgment that now is or may hereafter be filed in any court of record in this state:
1. Execution is not issued by the court clerk and filed with the county clerk as provided in Section 759 of this title;

JERRY L. GOODMAN, Judge.

¶1 Judgment Debtor E. Allen Cowen II appeals the trial court's September 13, 2013, order denying his motion for the release of a judgment lien held on his property by Judgment Creditor El Reno Housing Associates Limited Partnership. Judgment Debtor alleged Judgment Creditor had failed to timely file a renewal of judgment lien within five years of obtaining the judgment. The trial court found the time to file was tolled due to Judgment Debtor's bankruptcy and denied Judgment Debtor's request to remove the judgment lien. Judgment Debtor appealed. The appeal was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(a)(1), 12 O.S.2011, Ch. 15, App. 1.[1] Based upon our review of the facts and applicable law, we affirm.

## BACKGROUND

¶2 On December 10, 2002, Judgment Creditor obtained a judgment against Judgment Debtor for $640,000.00 in the District Court of Oklahoma County. Judgment Creditor perfected its judgment by recording a statement of judgment against the real property owned by Judgment Debtor on February 2, 2003. Pursuant to 12 O.S.2001 and Supp.2002, § 735, Judgment Creditor was required to renew or execute the judgment within five (5) years of the date of filing, or December 10, 2007.[2] The parties agree that the judgment would normally become dormant after December 10, 2007.

¶3 On April 3, 2003, Judgment Creditor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Chapter 7 case was converted to a

2. A notice of renewal of judgment substantially in the form prescribed by the Administrative Director of the Courts is not filed with the court clerk.
The current version of this statute modified the time when the five-year period begins. The time now begins from the date the judgment is filed of record, rather than when it was rendered. The amended statute became effective on November 1, 2002, one month prior to the filing of the judgment at issue. See, 12 O.S.2001 and Supp. 2002, § 735.

Chapter 11 case on July 19, 2005. In any event, an automatic stay of proceedings was imposed by the Chapter 7 filing.

¶ 4 On September 25, 2006, a First Amended Plan of Reorganization was filed in the bankruptcy court. Article XI of the Plan stated, in relevant part:

> B. *Injunction.* [A]ll entities that have held, currently hold or may hold a Claim against ... the Debtor ... are temporarily enjoined from taking any of the following actions ...:
>
>> (1) commencing or continuing any action or other proceeding against the Debtor ...;
>>
>> (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor ...;
>>
>> (3) creating, perfecting or enforcing any lien on, or any security interest in, the Debtor ... or the property of the Debtor ...;
>>
>> ...
>>
>> (5) commencing or continuing any action, in any matter, in any place that does not comply with, or is inconsistent with, the Plan.
>
> *The temporary injunction imposed shall expire on thirty days after the entry by the Bankruptcy Court of a Final Decree.*

(Emphasis added.)

¶ 5 The five-year period for renewing the 2002 judgment expired on December 10, 2007, while Judgment Debtor's Chapter 11 case remained pending.

¶ 6 On January 9, 2008, Judgment Creditor filed for emergency relief requesting permission to renew its judgment against Judgment Debtor. The motion was unopposed, and the bankruptcy court granted the motion in an order filed January 24, 2008. The order stated the injunction under the First Amended Plan of Reorganization is modified to allow Judgment Creditor to renew its judgment against Judgment Debtor.

---

3. The trial court's order states the case was dismissed on April 3, 2008, with the final decree

¶ 7 On January 29, 2008, Judgment Creditor, pursuant to the bankruptcy court's order, filed a Notice of Renewal of Judgment in Oklahoma County. This was filed five years, one month, and 19 days after the judgment was filed on December 10, 2002.

¶ 8 On March 31, 2008, Judgment Debtor's Chapter 11 bankruptcy case was dismissed and the stay was lifted.[3] The Final Decree was filed June 16, 2008. The injunction set out in Article XI above expired thirty days later.

¶ 9 Years passed. On January 24, 2013, Judgment Creditor filed a Notice of Renewal of Judgment in Oklahoma County.

¶ 10 On July 12, 2013, Judgment Debtor filed a motion in Oklahoma County to release the 2003 judgment lien on his property because the 2002 judgment upon which it was based had become dormant because it had not been renewed within five (5) years after its filing, pursuant to 12 O.S.2011, § 735(A). Judgment Debtor cited *3M Dozer Service Inc. v. Baker,* 2006 OK 28, 136 P.3d 1047, for the proposition that "a judgment lien ceases to exist when the underlying judgment is no longer enforceable." *Id.* at ¶ 18, 136 P.3d at 1052.

¶ 11 Judgment Creditor argues the time in which it had to renew its judgment was tolled by operation of law and the automatic bankruptcy stay set out in 11 U.S.C. § 362.

¶ 12 Judgment Creditor also cites 11 U.S.C. § 108(c), which states in relevant part:

> (c) ... if ... an order entered in a non-bankruptcy proceeding, ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> ...
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362,
>
> ...

being filed June 16, 2008.

¶ 13 Judgment Creditor, also citing *3M Dozer*, contends the automatic stay tolls the time limits imposed by § 735. Judgment Creditor contends the filing of its first extension was therefore timely and Judgment Debtor's motion to lift the judgment lien was properly denied by the trial court.

## STANDARD OF REVIEW

¶ 14 We are asked to review a question of law. We do so using a *de novo* standard of review. *Wathor v. Mutual Assurance Administrators, Inc.*, 2004 OK 2, ¶ 4, 87 P.3d 559, 561.

## ANALYSIS

¶ 15 Judgment Creditor had five years from the date of the filing of its judgment against Judgment Debtor to prevent the judgment from becoming dormant by either executing on the judgment, renewing the same, or initiating other collection efforts. 12 O.S.2011, § 735. Before the five years lapsed, Judgment Debtor sought bankruptcy protection and a stay of collection efforts against him. Any actions taken by Judgment Creditor under § 735, except for filing a notice of renewal of judgment, would be a violation of the stay and were thus prohibited. *3M Dozer, id.*, at ¶ 13, 136 P.3d at 1051. Judgment Creditor was not prevented from renewing its judgment during the duration of the stay. *3M Dozer*, at ¶¶ 13, 21, 136 P.3d at 1051, 1053. The five-year period in which to renew the judgment ended during Judgment Debtor's bankruptcy stay. However, the provisions of the bankruptcy code governing that stay, § 108(c) and § 362(a), extend the time in which such a renewal may be made. "Clearly, if the automatic stay had prevented Creditor from extending its judgment and judgment lien, section 108(c) would have extended the period in which it could do so until at least 30 days after the stay was lifted." *3M Dozer*, at ¶ 14, 136 P.3d at 1051 (citations omitted).

¶ 16 Here, Judgment Creditor filed its first renewal of judgment on January 29, 2008, one month after the five-year dormancy period expired on December 10, 2007. This date is five days after the Bankruptcy Court granted Judgment Creditor permission to file the renewal of judgment and two months prior to the lifting of the bankruptcy stay.

¶ 17 Although Judgment Debtor correctly argues Judgment Creditor filed its notice of renewal one month late, Judgment Debtor fails to recognize that, pursuant to *3M Dozer*, Judgment Creditor had 30 days after the Final Decree in which to file the renewal.[4] The renewal of the judgment was therefore timely filed prior to the expiration of the 30–day, post-stay extension. The Bankruptcy Court's permission to file the renewal of judgment during the pendency of the stay preempted Judgment Creditor's need to file the notice of renewal within 30 days of its termination.

¶ 18 The trial court correctly held that Judgment Creditor's judgment was timely renewed and remains enforceable.

## CONCLUSION

¶ 19 The Judgment Creditor's first renewal of judgment was filed more than five years after the judgment was originally filed, and normally would cause the judgment to become dormant under 12 O.S.2001 and Supp. 2002, § 735. Further, despite the existence of a stay entered pursuant to Judgment Debtor's bankruptcy action, Judgment Creditor would not have been prohibited from filing a timely notice of renewal of judgment. *3M Dozer, id.* However, despite the untimely filing after the anniversary date of the entry of the judgment, Judgment Creditor was permitted to file the renewal of notice no later than 30 days after the expiration of the stay when the bankruptcy case was concluded. 11 U.S.C. § 108(c). Having filed prior to the expiration of that extension of time, Judgment Creditor's renewal of judgment was timely filed.

¶ 20 The trial court's order denying the motion to release the judgment is affirmed.

¶ 21 **AFFIRMED.**

BARNES, C.J., concurs and WISEMAN, P.J., concurs specially.

---

4. We reject Judgment Debtor's argument that the failure of Judgment Creditor to execute on the judgment within 30 days of the lifting of the bankruptcy stay precludes the enforcement of the judgment. The timely renewal of the judgment is the only relevant issue.

WISEMAN, P.J., concurring specially.

¶1 I concur with today's pronouncement and write specially to discuss our reliance on *3M Dozer Service, Inc. v. Baker*, 2006 OK 28, 136 P.3d 1047. As *3M Dozer* points out, the bankruptcy protection afforded a debtor extends the judgment's dormancy period until 30 days after notice that the bankruptcy stay has been lifted. " 'It is the creditor's inability to enforce the judgment for a portion of the [dormancy] period that keeps the period of duration open under section 108(c).' " *Id.* ¶16 (quoting *Spirtos v. Moreno*, 221 F.3d 1079, 1081 (9th Cir.2000)).

¶2 We would be remiss in my view, however, if we failed to note that *3M Dozer*, unlike the present case, involved direct action by the creditor to execute on the judgment (by means of a writ of execution) within that 30–day window.[1] The Supreme Court specifically held that, "[a]lthough Creditor was not prohibited from renewing its judgment and extending its lien by the automatic stay triggered by Debtor's bankruptcy, the bankruptcy code extended the time in which Creditor could execute on the judgment and judgment lien for at least 30 days after the automatic stay was lifted." *Id.* ¶21.

¶3 I would frame the question in the present case as: "Does *3M Dozer*, regardless of Judgment Creditor's ability and right to file a notice of renewal of judgment while the bankruptcy is pending, allow notice of renewal (not execution or other enforcement action itself) to be filed to avoid dormancy after five years have expired?" Judgment Creditor could have, but did not, within five years of its last renewal file its "Notice of Renewal" during the bankruptcy, and only did so with the Bankruptcy Court's permission after the five-year period to renew had run. Although compliance with § 735's notice of renewal provision was the only viable, "non-judicial" option under § 735 open to Judgment Creditor during the pendency of the bankruptcy which would not have violated the stay, I find no reason to distinguish between the circumstances in *3M Dozer* and those in this case regarding the effect of 11 U.S.C. § 108(c) on

Judgment Creditor's ability to enforce its judgment lien.

¶4 If, as the Court stated in *3M Dozer*, "the simple filing of a notice of renewal is not a judicial proceeding and does nothing more than maintain the status quo," *id.* ¶13, I see no reason as a matter of law or practice, for purposes of § 108(c), to treat notice of renewal cases differently from "judicial" actions to avoid dormancy, *i.e.*, executions, garnishments, and income assignments. 12 O.S. 2001 and Supp.2002 § 735. Because the instant circumstances do not exactly correlate to those in *3M Dozer*, I would specifically extend its rationale to hold that § 108(c) extends the time for *renewing* a judgment pursuant to § 735, as well as for execution/enforcement actions on a judgment pursuant to other provisions of that section. The rationale still remains "the creditor's inability to enforce the judgment for a portion of the [dormancy] period that keeps the period of duration open under section 108(c)." *3M Dozer*, 2006 OK 28, ¶16, 136 P.3d 1047 (quoting *Spirtos*, 221 F.3d at 1081). For these reasons, I concur specially.

---

1. This followed the creditor's deficient attempt to renew its judgment with a "Notice of Renewal" during the debtor's bankruptcy.