NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: AGNETA DOBOS, <br><br> Debtor, <br><br> ------------------------------ <br><br> PEOPLE'S BAIL BONDS; HARRY KASSABIAN, <br><br> Appellants, <br><br> v. <br><br> AGNETA DOBOS, <br><br> Appellee. | No. 19-60045 <br><br> BAP No. 18-1239 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Kurtz, Bankruptcy Judges, Presiding

Submitted December 7, 2020**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and BEA, Circuit Judges, and DORSEY,*** District Judge.

Plaintiffs Harry Kassabian and People's Bail Bonds timely appeal the Ninth Circuit Bankruptcy Appellate Panel's affirmance of the bankruptcy court's dismissal of Plaintiffs' adversary complaint against Debtor Agneta Dobos. Reviewing the dismissal de novo, In re Jacobson, 676 F.3d 1193, 1198 (9th Cir. 2012), we affirm.

1. Because Debtor filed the "motion to dismiss" after filing an answer, the motion is properly construed as a motion for judgment on the pleadings. Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004). Nothing supports Plaintiffs' contention that the bankruptcy court was required to construe the motion as one for summary judgment.

2. The bankruptcy court permissibly dismissed Plaintiffs' complaint pursuant to the bankruptcy court's local rules. Plaintiffs failed to file a timely opposition to Debtor's motion, and the bankruptcy court permissibly declined to consider the untimely opposition. The bankruptcy court's local rules thus permitted the court to grant the Debtor's motion and to dismiss the adversary complaint. See Bankr. C.D. Cal. L.B.R. 9013-1(h) ("[I]f a party does not timely

***    The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

file and serve documents, the court may deem this to be consent to the granting . . . of the motion . . . .").

We independently have reviewed the factors that govern dismissals in this context, and we conclude that dismissal was appropriate. Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam). The bankruptcy case closed in 2014, nearly seven years ago. After Plaintiffs became aware of the case in 2015, Plaintiffs nevertheless waited years before filing the complaint, undermining the "expeditious resolution of litigation." Id. at 53. Instead of filing their opposition at least 14 days before the scheduled hearing on the motion to dismiss, as required by Local Rule 9013-1(f)(1), Plaintiffs filed an opposition on the day before the hearing, without explaining the delay and without asking for the court's permission to file a late opposition.

3. The Bankruptcy Appellate Panel held that the complaint failed to state a claim because the underlying state-court judgment had expired. A state court entered judgment in favor of Plaintiffs on January 11, 2007. Absent tolling, that judgment expired 10 years later, on January 11, 2017. Cal. Civ. Proc. Code § 683.020. Both we and the California courts have held that 11 U.S.C. § 108(c) tolls the expiration of a California state-court judgment. In re Spirtos, 221 F.3d 1079, 1081–82 (9th Cir. 2000); Kertesz v. Ostrovsky, 8 Cal. Rptr. 3d 907, 914 (Cal. Ct. App. 2004). The Bankruptcy Appellate Panel held that, as applied to the

3

facts of this case, § 108(c) had no effect on the expiration date. The California Court of Appeal appears to have assessed the interplay § 108(c) and California law differently, holding that an automatic stay due to bankruptcy results in a tolling period equal to the duration of the automatic stay plus 30 days. Kertesz, 8 Cal. Rptr 3d at 914. But that period of tolling is too short to help Plaintiffs here; even under that analysis, the state-court judgment expired in mid-2017, well before the filing of the complaint in 2018. In sum, under either interpretation of § 108(c) and California law, the underlying state-court judgment had expired when Plaintiffs filed their complaint.

On appeal to us, Plaintiffs raise a host of new arguments concerning the applicable expiration date of the state-court judgment. We decline to consider those arguments. See In re Mortgage Store, Inc., 773 F.3d 990, 998 (9th Cir. 2014) ("A litigant may waive an issue by failing to raise it in a bankruptcy court.").

4. Plaintiffs are not entitled to equitable tolling in the circumstances of this case. Plaintiffs became aware of the bankruptcy proceedings by 2015 at the latest when they moved to reopen the bankruptcy case. At that time, Plaintiffs indisputably had until at least January 2017 to enforce or renew the judgment. Yet Plaintiffs failed to take any action, in state court or federal court, until 2018. See, e.g., Aryeh v. Canon Bus. Sols., Inc., 292 P.3d 871, 875 (Cal. 2013) ("Equitable tolling . . . may suspend or extend [a deadline] when a plaintiff has reasonably and

4

in good faith chosen to pursue one among several remedies and the [relevant] notice function has been served." (emphasis added)).

5. We have considered Plaintiffs' remaining arguments and find them unpersuasive.

**AFFIRMED.**